Good morning, Your Honor. May it please the Court, Daniel Staudter, appearing for Appellant Mattson. I'd like to address two issues briefly. First, the issue of how the statutory language of the 2007 Open Government Amendments have changed the standard for FOIA fee eligibility, and I'd also like to briefly address how the FBI, by electing not to address the second prong of fee entitlement and reasonableness of fees, the third prong, in their fee motion proceeding, has effectively waived or effectively forfeited on those issues. Just this year, the U.S. Supreme Court in the Milner case, which was cited in our more recent 28-J response to the government's 28-J filing, the Supreme Court in 2011 said that the statutory language, and not by applying common law as the district court did in the proceedings below, and they effectively, throughout 30 years of court-created common law, by saying that the statute is what we need to use for in a non-fee context, but in a different part of FOIA in the Milner case, they said you've got to look to the statute. Kennedy. Counsel, will you do me a favor? Yes, I'm sorry. To me, we're in the record. The FBI ever took the position that you weren't going to get your records so that there could later be a change in positioning. Yes. Right? Because as I read the FBI letters, one after the other said, we've received your request, we've put you in line, a lot of people are asking for records. We'll get to you, and please be patient, and all signs sincerely yours. Right? Yes, Your Honor. The – did they ever tell you, we ain't going to give you a darn thing, now go away and sue us? Yes. With regard to the – with regard to the Minnesota field office, they said, we will not give you – we will not give you any additional records. If you are dissatisfied with this response, then you will need to file a Federal court action. So it couldn't get any clearer for that one in the record. Where's the record? Give me the citation of the record on that. It is – it is in our – okay. I will need to – I'll need to come back to give you the – it's in the briefing, but, Your Honor, what we indicate is for the – in the opening brief, we indicate for the Minnesota field request, they said in their answer to our appeal, if you are dissatisfied with this – with this result, then you need to file a Federal court action. Now, with the headquarters case, it's a little different. The 2001 request happened, and client waited almost six years, just short of the statute of limitations. And I want to point out that if he had waited two more days, he never could have gotten any result. So two days before the statute of limitations, six years later, he files a case, and then suddenly, after filing the case, we get the records. There's no evidence that during that five-and-almost-six-year period that the government was doing anything at all, and we all of a sudden, after filing the court action, have the outcome. So there's a voluntary change. If there's no – if there's no evidence that the government was doing anything at all, I understand that to mean there's no evidence the government was saying no. Well, that's what's interesting about the new statutory language, Your Honor. By saying a voluntary change in position in the new statute – First, you've got to have a position to change. They did have a position. Their position was that they indicated that there were – When you say indicated, I understand pointed. Yes. In the Department of Justice's – in the appeal decision, in the appeal decision on the 2000 – on the initial request, they said that we are going to go back and determine if there are any additional records that are going to be provided, but they did not provide any additional records. And so it is a voluntary change in position if they – if they provide records just before – for the headquarters case, if they provide records just before the statute of limitations, they change in position. Counsel, find me the Minnesota field office refusal. Okay. Maybe you can do that when you get it. In my rebuttal, if I may, Your Honor? Yes. Okay. If I could be briefed. The cite in your brief is to ER-168. Thank you, Your Honor. I appreciate that. So in both of them, we cited the decisions in our opening brief. The point is that the statutory language changed the fee eligibility from the common law that this Court has used in Church of Scientology to the statutory language. And the difference – the key language change is the change in position by virtue of a voluntary or unilateral change in position. And what I'd like to point out is that language has to remove the causation requirement. And here's why. Voluntary is never an act that is caused by someone or forced – I mean, voluntary means by free will. A voluntary action, by its very definition, is an action that is not forced by someone or caused by someone. And then if you put it with the phrase voluntary or unilateral, we see that the voluntary has to have an independent meaning from unilateral. So the new statutory language is the goalposts. And it replaces the court-created common law. This Court did not have the benefit of statutory language when it did Church of Scientology. So when the new language came into place, it replaced the common law. And it replaced it by – although it has some similarities to the common law, something new was added. And what's new that was added was this concept of a voluntary change in position. Well, the – at ER-168, there is a sentence in the letter that says, if your client is dissatisfied, he may file a lawsuit. But it relates to – the letter relates to records which the FBI – which the FBI says have been destroyed and there's nothing more to give you. Now, where is the change of position from that? The change in position is for the – Minnesota is found in Excerpts of Record 188. And what happened is that at Excerpts 170 and 188, after we filed the lawsuit, the government said, we have new additional records that we are going to provide you that are responsive to your request. And my point is, after filing the lawsuit, when the government says, we have new records that are responsive to your request at ER-170 and ER-188, that is what hits the statutory language of a change in position that is voluntary. The agency voluntarily provided Mr. Mattson records after he filed the lawsuit. And it does not require any causation anymore. It's no question that this was voluntary. And there's no question that additional records were provided. And as long as you have a voluntary change in position, which is – the change in position is – The question is that finding some records which they hadn't found before is a change of position. Absolutely. Because it's a change in position by providing new responsive records, Your Honor. If an agency – the only circumstances where it would not be a change in position would be if the agency was actually boxing up the records and was in – but there's no evidence in this case that the agency was going to give these very important additional records until we file a lawsuit. And then the change is that they give the requester additional records. That is a voluntary change in position. There's no way to interpret that as anything but a voluntary action. And it's a change because it is new additional records. Okay. You have about a minute left. I will reserve. I'm sorry.  Good morning, Your Honors. May it please the Court. Isla Dice, Assistant U.S. Attorney for the Defendant Appellee, FBI. The first thing I would like to do is provide the full cites in response to Judge Bea's question that there is not a position to be changed with regards to the Minnesota production, 170 and 171, and 168 – I'm sorry, 167 and 168. If Your Honor looks at 171, which is the ultimate production of the Minnesota documents, it clearly says that there were no – there was not a file on the – found in the initial search, but a subsequent search of cross-references, which the FBI is not obligated to do, revealed 14 extra pages, and those were turned over. If I understand this, that 171 directs – tells – says that there's a different request, 9536-1011, and that's being handled by FBI headquarters? It was – the cross-referencing was on the back. It said – well, it said that headquarters is handling the FOIPA 9536-101, and that seems to be the subject of 188. Of 188? Page ER-188. Yes. This is the – Actually, there is – and it seems it's not there. He's arguing that that's a change of position. Right. 188 is responsive to the 2001 request from – The different request. Yes. There's two – there's two requests – there's several requests, but there's two requests that appellant is claiming were changes in position. One is the very early one, and the – the record ER-103 is the response to the We will send it back to do a cross-reference, even though that's not the policy. Right. I'm just trying to understand his – trying to understand how his position, his argument fits. So one of – So 171 says that there's a – the second – the other request is being handled at headquarters. 188, which he argues is a change of position from the letter on 167, 168, is actually a different – responding to a different request. A different request. Okay. The other – are there any further questions on the record? The other point I just wanted to raise really quickly is appellant just cited to Milner. Milner simply analyzed the application of Exemption B-2 and does not discuss attorney fees in any – or the Open Government Act of 2007. Just quickly, the district court – the only issue before the court is the fee issue. And the district court properly applied the standard, notably Buchanan. Buchanan is not cited anywhere in the opening brief, and the Open Government Act is quite clearly called the Buchanan fix, allowing claimants to go back and receive fees if there is a showing by the claimant that there has been a change in position, also known as caused by the filing of the claims. That has not happened here. Church of Scientology is still very good law, and it makes it clear that simple production after the filing of a complaint is not sufficient to be a prevailing party. One last thing is the Brayton case I provided as part of my 28J letter provides a good example of when there is a prevailing party or when there is a change in position. In that case, the agency clearly withheld under B-1, under classified documents, certain trade records which were subsequently released. And that case is particularly interesting because it finds that the claimant was a prevailing party, but then goes on to do the second analysis with regards to entitlement and finds that if the government properly withheld the documents, that they would not be entitled to fees. Here, the district court properly never made it to step 2 because the district court found that the claimant or that appellant is not eligible for fees. So the court said, while the fact that the FBI released additional responsive documents voluntarily and not by court order does not preclude the recovery of fees, the mere fact that the information sought was not released until after the lawsuit was instituted is insufficient to establish that a complainant has substantially prevailed. That's from Church of Scientology. Church of Scientology. Yes. Okay. I think we understand the position. Counsel, it looks also, and maybe we'll hear from opposing counsel on this in rebuttal, the legislative history clearly seems to favor the FBI's side of this issue, doesn't it, in terms of restoring the catalyst theory? Absolutely. Although appellant does cite a small provision from a certain senator expressing the concern, again, this is all about Buchanan and not applying Buchanan to FOIA action. So, again, Brayton is very helpful at page 5 in laying out the entire legislative history and consistently showing that Congress's intent was to codify the catalyst theory and allow prevailing parties to obtain attorney fees. And the other, the law, the other circuit court cases on the topic, you've cited a couple from the D.C. Circuit, also favor the FBI, right? Correct. And this Court as well in Oregon National, although ultimately the Court discussed retroactivity, had to go through the analysis of the Open Government Act and Congress's intent by passing the Open Government Act. So certainly by inference, this Court has already ruled. Already ruled on it. Essentially in your favor. Right. Thanks.  And just to you, Your Honor, two days before the statute of limitations, he timely filed and then all of a sudden he got his records. I cannot dispute the timeline. There was a six-year delay, but notably there were no letters from Mr. Mattson to the FBI saying what happened to my materials. And there was nothing in the record that says we're not giving them to you. There was just clearly somebody dropped the ball. But that, again, is not enough to make him to establish a position and is not enough to make him a prevailing party. Well, wouldn't a reasonable trier of fact find that as long as the requester didn't write letters bugging the FBI, the FBI wasn't doing a thing? And when they finally got notice of an action being filed, they said, oh, oops, we better do something. Wouldn't that be circumstantial evidence sufficient for a reasonable trier of fact to find that there was some causation? That, again, would be similar to the case addressed in Church of Scientology where the documents were released after filing of the lawsuit, and just that alone, just the timing alone isn't enough to show causation. I also just want to remind the Court that Not the timing alone, but I mean how about the six-year interregnum? Plus the timing. You've got to take a look at the, as we use that phrase all the time, the totality of the circumstances. Absolutely. Again, looking at the totality of the case file, the only thing is the delay. And, again, I want to point out, like Your Honor did, in the record, the FBI clearly said we're going to get to it, we're going to get to it. We are intending to conduct cross-references, which, again, they are not obligated to do. It is looking in other people's files for references to the claimant. This was a motion to the district court judge where the judge had de novo review of the evidence. This was not a motion of summary judgment, correct? Thank you for bringing that up, Your Honor. The FBI, we did file, there's two things. One thing is that all of the documents were provided before litigation, before the parties filed cross motions for summary judgment, distinguishing this case from some of the other cases. And also the court, the district court, on the merits, on the merits of the withholdings found in favor of the FBI in all respects. There has been no question that the withholdings were upheld by the district court. The only thing left for the court to consider is the fee request. Any further questions? Thank you. Thank you. Thank you. Three brief points. First, the no question that the lawsuit woke up the agency. And that's the change in position. The lawsuit caused the agency to wake up and provide records they hadn't moved on in six years. Secondly, in response to the question about legislative history, I want to make clear. Just a second. On the issue about whether the lawsuit woke up the agency. Yes. That would be a finding of fact which the district court could make within its discretion, correct? Yes. The attorney fee motion was separate from the summary judgment. It's an evidentiary matter in the attorney fee stage, Your Honor. So, yes, it was a factual evidentiary issue. On the legislative history, I would like to point out two things. The legislative history is making the general statement that Congress restored the ability to get fee eligibility without a court order and a judgment. That much is true. But they're not saying that the statute didn't add anything new. And that's the difference. None of the cases that we're talking about were fee eligibility cases. This is an issue of first impression. There is no case anywhere in the country reported as to the fee eligibility language. Very first one here. And when they're not talking about fee eligibility, they're saying the very generalized statement that we've restored the ability to get fees without a court order. But they're not saying that the statutory language didn't add something new. And the bottom line is that the voluntary change in position is a change from the causation requirement. Thank you. Thank you, Your Honors. The case just argued is submitted for decision.
judges: Anello, Schroeder, Bea